

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2005

# Burnside v. Moser

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4713

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Burnside v. Moser" (2005). *2005 Decisions.* Paper 934.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/934

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-210                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4713
_____

JOHN OTIS BURNSIDE,

Appellant

v.

C. MOSER, Unit 3B counselor

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02485)
District Judge: Honorable Malcolm Muir
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 21, 2005

BEFORE: ALITO, McKEE and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed: June 30, 2005)

_____

OPINION
_____

PER CURIAM

    John Otis Burnside, a prisoner at FCI-Allenwood, appeals an order of the United

States District Court for the Middle District of Pennsylvania dismissing his civil rights

action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Burnside filed a <u>Bivens</u> action,[1] alleging that Moser, a prison counselor at FCI-Allenwood, failed to properly process four inmate grievances addressing prison conditions. Specifically, the grievances complained of the medical staff's failure to provide medical treatment for his broken left arm, umbilical hernia, and lactose intolerance, the Food Service Administrator's poor food service, and the S.H.U.'s unhealthy commissary list. Burnside also alleged that Moser failed to provide him with BP-10 forms so that he could appeal disciplinary charges. He sought damages.

The Magistrate Judge recommended dismissal for failure to state a claim, finding that Moser's failure to properly process Burnside's grievances did not rise to the level of a constitutional violation because there is no constitutional right to an effective prison grievance procedure. Because Burnside's sole complaint against Moser for failure to process his administrative grievances did not amount to a constitutional violation, the Magistrate Judge concluded that any amendment of the complaint would be deemed futile. Finally, the Magistrate Judge noted that substance of the grievances themselves failed to state a claim against Moser because there was no allegation that Moser was personally involved in the failure to provide proper and timely medical treatment, or in the proper provision of food service or commissary items.

The District Court overruled Burnside's objections, adopted the Magistrate Judge's

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bur. Of Narcotics</u>, 403 U.S. 388 (1971).

Report, and sua sponte dismissed Burnside's complaint for failure to state a claim. The District Court rejected Burnside's claim that Moser's failure to process his grievances amounted to a violation of his First Amendment right to access to the courts, drawing a distinction between access to a prison grievance process and the constitutionally protected right to access to the courts. The District Court also found Burnside failed to allege any actual injury resulting from the alleged deprivation of access to the courts. Burnside timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Burnside has been granted leave to proceed in forma pauperis on appeal. Like the District Court, we must accept as true the factual allegations in the Complaint and all reasonable inferences that can be drawn from them. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). As discussed further below, we will dismiss this appeal pursuant to § 1915(e)(2)(B)(i). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Moser's failure to process Burnside's medical treatment, food service, and commissary grievances, although not to be commended, does not rise to the level of a violation of a constitutional right. Inmates do not have a constitutionally protected right to the prison grievance process. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). And, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates." Hoover v. Watson, 886 F.Supp. 410, 418 (D.Del. 1995), aff'd 74 F.3d 1226 (3d Cir. 1995). Accordingly, the District Court properly dismissed the

3

Complaint for failure to state a § 1983 claim.

Burnside contends that by failing to process his medical grievances, Moser intentionally allowed Burnside's medical conditions to worsen in violation of the Eighth Amendment. The fact that Moser failed to process Burnside's grievance fails to demonstrate the requisite level of deliberate indifference on Moser's part in delaying Burnside's medical treatment. See Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993) (non-physician prison official cannot be considered deliberately indifferent in failing to respond to medical complaints of a prisoner already under treatment by the prison's medical experts). Thus, we conclude that Moser's failure to process Burnside's medical treatment grievances does not state a claim under the Eighth Amendment.

As for Burnside's claim that Moser violated his Due Process rights when he failed to provide Burnside with the appropriate BP-10 form to appeal a disciplinary action, it is well-settled that the protections afforded prisoners by the Due Process Clause are not triggered by the simple negligence of prison officials. See Daniels v. Williams, 474 U.S. 327 (1986). Assuming, as we must, that the allegations in the Complaint are true, Burnside merely states a negligence claim against Moser for an alleged failure to timely respond to a request for an appeals form. Burnside alleged that Moser failed to do his job because Moser "never gave [Burnside] a BP-10 so that he could appeal the D.H.O. Hearing Report rendered against [Burnside] on 10-21-04," and that "[t]he defendant has not made half of an effort to keep up with historical practices of weekly S.H.U. rounds,

4

since [Burnside] began the process of administrative remedies." Notably, the Complaint is devoid of any allegation from which we can reasonably infer an intentional deprivation of a constitutional right. Therefore, we conclude that Burnside's disciplinary due process claim does not does not rise to the level of a constitutional violation under § 1983.

This Court is required to dismiss an in forma pauperis appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous where none of the legal points is arguable on its merits. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Burnside has no arguable legal basis upon which to appeal the District Court's order. His appeal is, therefore, frivolous and will be dismissed as such pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).